(55 App. Div. 118.)

PEOPLE ex rel. O'BRIEN v. HAUGHRAN, Supervisor, et al.

(Supreme Court, Appellate Division, Third Department.   November 14, 1900.)

1. PENSIONS—TEACHERS—TAXPAYERS—PETITION—VOTE—EFFECT.
Laws 1895, c. 767, provides that on petition of 25 taxpayers, requesting submission of the question of making provision for pensioning teachers who have been employed in the common schools not less than 25 years, the town board shall cause such question to be submitted to the taxpayers at the next town meeting, on due notice published in a town newspaper or by posting.  *Held,* that a vote taken without giving notice will not authorize the pensioning of a teacher coming within the act.

2. SAME—PENSION TO CERTAIN PERSON.
Where 25 taxpayers of a town petition for the submission of the question of pensioning P., who had taught in the common schools for 25 years, to the taxpayers, as provided by Laws 1895, c. 767, a vote directing the pensioning of P. will not authorize the giving of a pension to another teacher also, who has taught the required period.

3. SAME—TEACHERS ENTITLED.
Laws 1895, c. 767, providing that, on petition of 25 taxpayers, the question of making provision by taxation for a sum of money sufficient to pay a pension to the teachers resident in the town, who have been employed in the common schools thereof for not less than 25 years, shall be submitted to the taxpayers, a vote taken in response thereto, authorizing such pension, will not authorize the pensioning of teachers who have not served 25 years at the time the vote was taken.

Appeal from special term.

Application by the people, on relation of Mary O'Brien, for a peremptory writ of mandamus to compel John Haughran and others, constituting the town board of the town of Plattsburg, to estimate her pension as a teacher, and report the same, in order that a tax may be raised to pay the same.  From an order denying such application, relator appeals.  Affirmed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

William L. Pattisson, for appellant.
David H. Agnew, for respondents.

PARKER, P. J.   On March 3, 1896, there was submitted to a vote of the taxpayers of the town of Plattsburg, in this state, the question, "Shall a sufficient sum of money be raised to provide a teachers' pension fund?" and we may concede that it was carried by a majority of five votes.   The relator in this matter claims that such submission was held under the provisions of chapter 767 of the Laws of 1895, and that by reason of such vote she is entitled to the pension provided for by that act.   At the time such vote was taken she had not been employed in the common schools of such town for 25 years, her services having commenced therein in September, 1871. She continued her teaching, however, from that date up to June, 1898, and at the time she made the application to the town board of such town she had taught continuously for upwards of 25 years. Such application was made on June 23, 1899, and requested such board to estimate her pension in the town expenses, and report it to the board of supervisors, to the end that a tax might be raised

67 N.Y.S.—4

to pay the same. The town board refused so to do, and an application was made at special term for a peremptory mandamus to such board, requiring it to do so. The special term denied such application, and from the order so made this appeal is taken. It further appears from the record before us that in February, 1896, 25 taxpayers of such town petitioned for the submission, at the next annual town meeting, "of the question of making provision, by taxation upon the taxable property in said town, for a sum of money sufficient to pay William H. Phillips (who has taught in the common schools thereof for over 25 years) a pension as provided by chapter 767 of the Laws of 1895," and the vote above referred to was had in response to such petition. No other petition under such chapter has ever been made by any of the taxpayers of such town. Also it appears from the return in this matter that no notice that such question would be so submitted to the voters of such town was ever published in any of the newspapers of such town, although there were several newspapers published therein. Also it does not appear in the record that any notice of such submission was ever posted in any public place in such town.

Upon this state of facts, I am of the opinion that no vote has ever been had which authorized the town board to report to the supervisors the name of this relator as a teacher entitled to a pension under the provisions of such act, and that it correctly refused so to do. Even if the statute is to be construed as providing that when once a vote has been had authorizing a sum of money to be raised for the purpose of paying a pension to teachers who shall thereafter, in all coming years, have served for 25 years continuously, nevertheless it is clear that such a vote can be had only after a strict compliance with all the requirements of such statute as preliminary thereto. The petition of the 25 taxpayers in this case asks that a sum of money be raised sufficient to pay one teacher only, viz. William H. Phillips. This is a very different petition from the one which would be required under the statute to impose upon the town a burden for all time to pay all the teachers who might thereafter serve 25 years. So, also, the necessity of giving public notice that such an election was to be had is plainly required. In this case no notice whatever that such a question was to be voted upon was ever given. It is very clear that the petitioning taxpayers never intended that any larger sum should be voted than was sufficient to pay the pension to Phillips, and that the town has never knowingly and lawfully voted a pension to those teachers occupying the position of this relator. For these reasons alone, the board was right in rejecting her claim.

But it seems equally clear that, had the petition and notice been regular in all respects, the vote would not have had reference to this relator. The statute provides that the question submitted shall be as to making provision by taxation, etc., "for a sum of money sufficient to pay such teachers resident in such town who have been employed in the common schools thereof for not less than 25 years," etc. Here is a distinct class named, viz. those who have at that date been employed, etc., and the sum to be raised is suffi-

cient to pay that class only. A teacher who has not then served his 25 years is not in the category to which the vote applies. The statute further provides that, if the vote is in favor of raising such a fund, the town board shall immediately thereafter proceed to ascertain what teachers are entitled to recover their proportionate share of the money "so voted"; thus indicating that such fund was intended for a definite class then in existence. Under this construction, the taxpayers would be able to form some estimate of the extent to which their town would be burdened by the vote asked for; and they may from time to time, upon further petition, vote such a sum as the then condition of affairs would seem to require. But I am of the opinion that it is not the intent of the statute to permit one vote taken upon one petition to place an unknown burden upon all coming generations. For the reason then that this relator has never been voted any pension, her application for a mandamus was properly denied.

The order should be affirmed, with $10 costs and disbursements. All concur.